IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-441 |
| | : | |
| NASIR HARRIS | : | |

McHUGH, J.                                                                                                  November 16, 2023

## MEMORANDUM

This is a prosecution under 18 United States Code § 922(g)(1). Defendant Nasir Harris pleaded guilty, but now moves to withdraw his plea on the ground that he had a Second Amendment right to possess a firearm. Importantly, he claims legal, not factual, innocence.

At the hearing where his plea was accepted, Mr. Harris conceded that he had previously pled guilty to a felony for which he received a sentence of 9 to 18 months, followed by 2 years and six months' probation. That sentence was for illegal possession of a firearm and carrying in public without a license. He also conceded that he was the subject of an arrest warrant, and resisted arrest, and during the encounter a Glock .40 caliber semiautomatic pistol loaded with 12 live rounds fell out of his waistband. While these charges were pending, he pleaded guilty to state drug trafficking charges.

Recently, in *United States v. Spady*, No. 23-36 2023 WL 7706263 (E.D.Pa.Nov.14, 2023) I addressed the wave of litigation that has followed from *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), as applied by the Third Circuit in *Range v. Attorney General,* 69 F.4th 96 (3d Cir. 2023) (*en banc*). As noted in *Spady,* the judges of this court have exhaustively discussed the issue presented here, and without exception have denied relief, finding *Range* to be limited to its unique facts. *See United States v. Hedgepeth*, No. 22-377, 2023 WL 7167138 (E.D. Pa. Oct.

31, 2023) (Marston, J.); *United States v. Ladson*, No. 23-161, 2023 WL 6810095 (E.D. Pa. Oct. 16, 2023) (Baylson, J.); *United States v. Jenkins*, No. 23-088, 2023 WL 6534200 (E.D. Pa. Oct. 6, 2023) (Beetlestone, J.); *United States v. Green*, No. 22-387, 2023 WL 6164407 (E.D. Pa. Sept. 21, 2023) (Diamond, J.); *United States v. Pearson*, No. 22-271, 2023 WL 6216527 (E.D. Pa. Sept. 25, 2023) (Kearney, J.); *United States v. Ames*, No. 23-178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.); *United States v. Cotton*, No. 22-471, 2023 WL 6465836 (E.D. Pa. Oct. 4, 2023) (Pratter, J.); *United States v. LaForte*, No. 20-231, ECF 80 (E.D. Pa. Oct. 19, 2023) (Sanchez, C.J.); *United States v. Smith-Graves*, No. 23-194, ECF 27 (E.D. Pa. Oct. 5, 2023) (Murphy, J.) (finding historical analogues supporting the bar on firearm possession by a defendant previously convicted of robbery, assault, and resisting arrest); *United States v. Blackshear*, No. 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) (Pappert, J.) (Defendant's eight convictions for drug and gun offenses demonstrate a danger to society); *United States v. Brown*, No. 20-260, 2023 WL 7021181 (E.D. Pa. Oct. 25, 2023) (Rufe, J.) (prior convictions for burglary, drug trafficking, firearms violations, and eluding the police); *United States v. Campbell*, No. 22-394, ECF 29 (E.D. Pa. Sept. 28, 2023) (Surrick, J.) (prior convictions for firearm licensing offense and drug possession).

Once again, I adopt and rely upon the analysis of my colleagues. Given Mr. Harris' prior felony record for unlawful possession and carrying of a firearm, I am satisfied that his Indictment under § 922(g)(1) does not violate the Second Amendment. Consequently, he fails to show "fair and just reason" to withdraw his guilty plea, *United States v. Jones,* 336 F.3d 245, 252 (3d Cir. 2002), and his motion must be denied.

  /s/ Gerald Austin McHugh
United States District Judge